UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLAUDE R. FRAZIER | CIVIL ACTION NO. 14-cv-2422 |
| VERSUS | JUDGE HICKS |
| TIMOTHY KEITH | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Shreveport police encountered Claude Frazier ("Petitioner") in his room at the Levingston Motel. Officers saw Petitioner throw cocaine out his window, and they found a large quantity of cash during a consensual search of his room. Much of the cocaine was individually packaged for sale. Petitioner pleaded guilty to possession with intent to distribute Schedule II (cocaine), and he received a 30-year sentence.

Petitioner did not file a direct appeal, but he later filed a post-conviction application that included a claim that defense counsel, Anthony Hollis, persuaded Petitioner to plead guilty based on a false representation that Petitioner would receive a 15-year sentence and no multiple offender enhancement. The state court denied relief, and Petitioner now seeks federal habeas corpus relief on that ineffective assistance of counsel claim plus a complaint that the State did not provide access to necessary documents to support his post-conviction application. For the reasons that follow, it is recommended that the petition be denied as untimely.

**Timeliness**

A one-year period of limitations applies to petitions for habeas corpus. The limitation runs from the latest of four triggers found in 28 U.S.C. § 2244(d)(1). The most common trigger is the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(1)(A). A Louisiana conviction is final when the defendant does not timely proceed to the next available step in the appeal process. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003).

Petitioner entered his guilty plea on January 22, 2009 (Tr. 86) and was sentenced on March 12, 2009. Tr. 99-103. His conviction became final for limitations purposes when the 30-day period for appeal allowed by La. Code Crim. P. art. 914 expired in April 2009. Basco v. Goodwin, 2013 WL 1628375, *4 (E.D. La. 2013).

Petitioner had one year from April 2009 to file his federal habeas petition or toll the limitations period. Tolling is allowed by 28 U.S.C. §2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In the months after the conviction became final, Petitioner filed a motion for return of seized property, motions that requested copies of transcripts of the guilty plea and similar matters, and a motion for writ of mandamus that complained the trial court had not acted on one of the motions for transcripts and documents.

None of those filings actually sought review of the judgment of conviction, so they were not requests for collateral review within the meaning of the tolling statute. Hutson v. Quarterman, 508 F.3d 236, 238 (5th Cir. 2007); Moore v. Cain, 298 F.3d 361 (5th Cir. 2002).

About four years after his conviction became final, Petitioner filed in June 2013 an "Amended Application for Post-conviction Relief" that asserted a claim of ineffective assistance of counsel. Tr. 138-41. The filing itself did not explain why it was titled an "amended" application, but Petitioner stated in a later filing in the appellate court that he had, in March 2013, given prison officials for mailing a motion to enforce sentencing agreement and request for production of documents. He stated that he later learned that the clerk of court did not receive those documents, so he then mailed what he called his amended application. Tr. 166.

Even of it is assumed that the motion to enforce sentencing agreement qualified as a collateral attack for tolling purposes, its mailing/attempted-filing in March 2013 came too late to toll the federal limitations period. That period had expired almost three years earlier in April 2010. Petitioner pursued the amended application through the state courts until the Supreme Court of Louisiana denied writs in June 2014, and Petitioner filed this federal petition in July 2014. It was, however, already untimely if the federal limitations period ran from the finality of conviction under Section 2244(d)(1)(A).

The State has squarely raised the timeliness defense in its response. Petitioner has not filed anything before or after that makes an argument that his federal petition is timely, and

there is no apparent basis for tolling. The only conceivable argument is that the period of limitation did not commence on the date the judgment became final in 2009, but from one of the other statutory provisions for a potentially later triggering of the one-year period.

The only provision that might apply is Section 2244(d)(1)(C). It states that the limitations period can commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner based his ineffective assistance claim in large part on Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012).

Frye held that defense counsel has a general duty to communicate formal offers of plea bargains. Cooper held that if a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a more serious conviction or sentence. Both cases analyzed such claims under the familiar standard of Strickland v. Washington, 104 S.Ct. 2052 (1984).

Cooper and Frye were decided in March 2012, and Petitioner alleges that he began attempting to assert similar claims in state court March 2013 when he unsuccessfully tried to mail a motion to enforce sentencing agreement. That attempt at filing a motion might toll a limitations period if the period were commenced by Section 2244(d)(1)(C), but several courts have held that Cooper and Frye did not trigger subsection (C) because neither of them

announced a new rule of constitutional law; rather, they merely applied the Sixth Amendment right to counsel, long recognized in Strickland, to a specific factual context. Bramwell v. Warden, 2015 WL 5098960, *4 (W. D. La. 2015), Report and Recommendation adopted, 2015 WL 5123894 (W. D. La. 2015); Williams v. Cain, 2016 WL 4063863, *1 (E. D. La. 2016); and Suitt v. McCain, 2016 WL 5395843 *5 (E. D. La. 2016). Those decisions noted that the 5th Circuit has held, although in a slightly different context, that Cooper and Frye did not announce new constitutional rules. See Miller v. Thaler, 714 F.3d 897, 902 (5th Cir. 2013); In re: King, 697 F.3d 1189 (5th Cir. 2012).

The limitations triggering provision for the announcement of new constitutional rights does not apply to this petition. The limitations period commenced when the conviction became final in 2009, and it expired in 2010 without any intervening post-conviction application or other collateral attack that would toll the period. Petitioner did not file his first post-conviction application until 2013, which was too late to toll the expired period. His federal petition filed in 2014 was, therefore, untimely.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be dismissed with prejudice on the grounds that it is untimely.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2017.

Mark L. Hornsby
U.S. Magistrate Judge